UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERESA L. LATHROP,<br><br>               Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>               Defendant. | No.: CV-12-3030-EFS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SUMMARY-JUDGMENT MOTION AND DENYING DEFENDANTS'S SUMMARY-JUDGMENT MOTION** |

    Before the Court, without oral argument, are cross-summary-judgment motions. ECF Nos. 20 & 27. Plaintiff Teresa L. Lathrop appeals the Administrative Law Judge's (ALJ) denial of benefits. ECF No. 5. Ms. Lathrop contends the ALJ 1) violated her constitutional due process right by failing to provide her with an opportunity to testify at her hearings, 2) improperly rejected the opinions of her medical providers, and 3) failed to identify specific jobs that Ms. Lathrop could perform at the sedentary level. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision. After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court remands this matter back to the ALJ to provide Ms. Lathrop with an opportunity to testify at her hearing following the rescheduling of a consultative

ORDER - 1

examination.  Accordingly, Ms. Lathrop's motion is granted in part and the Commissioner's motion is denied.

**A.   Due Process**

The ALJ denied Ms. Lathrop the opportunity to testify at her hearing.  The ALJ did so after finding Ms. Lathrop waived her opportunity to testify because she continuously failed to show for a consultative examination (CE), without good cause.  *See* 20 C.F.R. § 416.918(a) (setting forth good cause requirement for failing to attend a CE).  The Court finds the ALJ's lack-of-good-cause determination is unsupported by the record.  First, Ms. Lathrop had difficulty appearing for the scheduled CEs due to the very nature of her alleged disability, which is in part extreme anxiety and agoraphobia, and the scheduling "mishaps" by the examining office.  Second, in April 2010, the scheduler failed to abide by Ms. Lathrop's March 8, 2010 written request that not more than one appointment be scheduled per day given her anxiety, ECF No. 10-4 at 151.  Third, there is no documentation evidencing that Ms. Lathrop and her counsel received notice of the April 30, 2010 CE in advance of said date and time.  Under the circumstances, the Court reverses the ALJ's lack-of-good-cause determination and orders that another CE be scheduled.  *See* 20 C.F.R. § 416.918(a) ("If you have a good reason, we will schedule another examination.").

Because of the nature of Ms. Lathrop's alleged disability, the individual(s) scheduling the CE are to ensure that both Ms. Lathrop and her counsel are provided at least a week's notice of the date and time of the CE.  In addition, if a urine or other bodily sample is to be

ORDER - 2

obtained from Ms. Lathrop, and it cannot be obtained at the site of the CE, then the appointment for obtaining this sample shall be on a date different than the CE.  Both Ms. Lathrop and her counsel are to receive at least a week's notice of this "sample" appointment.  If receiving a "reminder" telephone call from the medical agency is stressful to Ms. Lathrop and she would prefer to not receive a "reminder" telephone call, she is to notify her counsel of such within three weeks of this Order.  Her counsel shall then notify the ALJ and, as appropriate, the organization scheduling the CE.

Even if Ms. Lathrop fails to appear for the scheduled CE examination, the ALJ must permit her to testify at the hearing.  A claimant does not waive her right to testify at the hearing by failing to appear for the CE without good cause.  Rather, due process requires that the claimant be provided the opportunity to testify, and then the ALJ may make his disability determination based on that record.  *See Mathews v. Eldridge*, 424 U.S. 219, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).  Regulation § 416.918, which states,

> If you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you to get information we need to determine your disability or blindness, we may find that you are not disabled or blind,

20 C.F.R. § 416.918(a), does not waive the claimant's right to present testimony at the hearing.  This regulation simply cautions the claimant that the ALJ can proceed, after considering the claimant's testimony at

ORDER - 3

the hearing, to make a non-disability finding without a CE. The paperwork provided to the claimant prior to the hearing also highlights that the claimant has a right to be heard at the hearing: "You will have a chance to testify and tell me about your case." ECF No. 10-4 at 155. Accordingly, irrespective of whether Ms. Lathrup appears and/or participates in the to-be-scheduled CE, the ALJ must provide her with the opportunity to testify at the subsequent hearing.

**B.   Conclusion**

Because the record was not fully developed, the Court will not proceed to review the substance of the ALJ's non-disability determination at this time. For the above-given reasons, **IT IS HEREBY ORDERED:**

1. Ms. Lathrop's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED IN PART** (remand) **and DENIED AS MOOT IN PART** (remainder).

2. The Commissioner's Motion for Summary Judgment, **ECF No. 27**, is **DENIED.**

3. Judgment is **ENTERED** in Ms. Lathrop's favor.

///
///
///
///
//
/

4. This matter is **REMANDED** to ALJ R.J. Payne.

ORDER - 4

5.   The case shall be **CLOSED.**

**IT IS SO ORDERED.**   The Clerk's Office is directed to enter this Order and provide copies to counsel and ALJ R. J. Payne.

**DATED** this 2nd day of December 2013.

```
          s/ Edward F. Shea
            EDWARD F. SHEA
    Senior United States District Judge
```

Q:\EFS\Civil\2012\3030.social.sec.lc1.docx

ORDER - 5